NICHOLS<br>v.<br>HER HUSBAND.

The plaintiff sues to avoid this compromise, on the ground of error and fraud, alleging that her husband concealed from her a large portion of the property of the community, and she was induced, by that artifice, to compromise as she did. She called upon her husband to answer interrogatories, and, among others, whether the property embraced in the act of compromise contained all the community property; the answer was: "It does, every fraction."

There is no evidence in the record beyond the answers of the plaintiff to the interrogatories, and the judgment of the district court upon them was, that the rights of the parties be considered as settled by the former judgment and act of compromise. The plaintiff has appealed.

The ground of fraud upon which alone the action rests, is conclusively disproved, but the want of capacity of the plaintiff to make a compromise with her husband in such a case as this, is urged, for the first time on the appeal, as a sufficient ground for the reversal of the judgment.

The irregularity of this mode of proceeding is obvious; but this objection to it may be waived in this instance, the ground taken being clearly untenable.

The woman, separated from bed and board, has no need in any case of the authorization of her husband. See acts 1826, p. 162, sec. 2. She may make all contracts not prohibited to her, as if she were unmarried. The contract entered into in this case, so far from being one of those prohibited, is expressly authorized. Art. 2421 of our Code is a literal copy of art. 1595 of the Napoleon Code; and here, as in France, the first paragraph of that article which authorizes one of the spouses to make a transfer of property to the other who is judicially separated from him or her, in payment of his or her rights, includes community right. See Toullier, vol. 2, tit. 6, No. 675. Ibid. vol. 13, tit. 5, No. 19.

Under art. 1304 of the Code, the rules for the partitions of successions, with the exception of that which relates to collation, are applicable to partitions of community property, whether the community has been dissolved by death or by judicial separation; and the first of those rules is, that when all the parties are of age, and present, or represented, the partition may be made in such form and by such an act as the parties interested agree upon. C. C. 1245.

. The form of settlement adopted by the parties, was authorized by law, and as the good faith of the defendant in making it has not been successfully impeached, the judgment must be affirmed.

Judgment affirmed, the appellant paying the costs of this appeal.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## GEO. A. BOTTS and T. C. POOLE v. R. F. NICHOLS & CO.

In a contest for the ownership of slaves, the plaintiff's title was sustained. He died, and his curators brought suit for the wages of the slaves, and also for the value of those that were not delivered. Plaintiffs had judgment, which, on appeal, was affirmed.

Slaves were delivered to defendants on their giving a forthcoming bond. *Held*: That this circumstance did not affect defendants' rights in relation to the slaves.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Gould* and *T. H. Howard*, for plaintiffs. *M. M. Cohen* and *John R. Grymes*, for the defendants. By the court:

EUSTIS, C. J.  Certain slaves were seized under a writ of attachment against *John S. Caldwell*, an absconding debtor, as his property, and subject to the payment of his debts. They were claimed by the defendants as their property. Their title was an act of sale from *Caldwell* to them. The court of the first instance gave judgment in favor of the attaching creditor. On an appeal to this court the judgment was affirmed, this court being of opinion that the act of sale under which the slaves were claimed by *Nichols & Co.*, was a false simulation.

*Caldwell* has since died, and the plaintiffs are the curators of his succession, and have brought this suit to recover from the defendants wages for the slaves during the time they were in their possession, and the value of two of them, which the defendants had failed to deliver to them.

The district judge gave the plaintiffs judgment for $1260, the value of the two slaves, and the sum of eighty three dollars per month for the hire of the slaves for the eleven months claimed in the petition. The defendant has appealed.

Under the decision of this court, on the defendants' title, it is clear that they have no right to retain the fruits of the labor of the slaves which did not belong to them. After the slaves were attached, they were delivered to the present defendants, on their executing a forthcoming bond. We do not perceive that this circumstance affects in any manner their rights in relation to the slaves.

The plaintiffs have asked for an amendment of the judgment, in their favor, allowing the sum of fourteen hundred dollars for the value of the two slaves, in lieu of the sum of $1260, at which the district judge estimated them.

They were wrongfully sold by the defendants, pending the suit in which they were attached. But the evidence is not of that character, as to their value, which would authorize us in changing the judgment of the district court in this respect.

The judgment of the district court is therefore affirmed, with costs.